IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROQUE ARANDA TERCERO,

    Petitioner,

     v.                                                     No. CV 12-0153 MCA/RHS

STATE OF TEXAS, ATTY. GEN.;
ERIC H. HOLDER, U.S. ATTORNEY
GENERAL;
JANET NAPOLITANO,
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY;
ADRIAN P. MACIAS
U.S. ICE FIELD OFFICE DIRECTOR FOR
THE EL PASO FIELD OFFICE;
and WARDEN OF IMMIGRATION
DETENTION FACILITY,
RAY TERRY, WARDEN,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 1(b), 4, 11(a) of the Rules Governing Section 2254 Cases, on Petitioner's Petition For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; 2254. For reasons set out below, the Court will dismiss the petition.

    As this Court noted in a recent order, Petitioner is a Mexican citizen subject to a final order of deportation. He has a long history of criminal activity and of abusive litigation in many courts. *See Tercero v. Holder*, No. CV 12-0246 RB/KBM Doc. 56 (D.N.M. Oct. 4, 2012). The instant petition, brought under both § 2254 and § 2241, challenges a Texas criminal conviction and seeks relief in Petitioner's removal proceedings. As Petitioner states, "Petitioner is attacking still for the 4th time the [Texas] state conviction because I.C.E. is using that same conviction to remove the

Petitioner for a second time." (Pet. at 6.) As in the referenced case, Petitioner here asks for relief in this Court because he has received unfavorable rulings in removal proceedings and judicial proceedings in Texas and the Fifth Circuit Court of Appeals.

Although Petitioner is under ICE detention in New Mexico, he brings claims under § 2254 against a criminal conviction in a Texas state district court. Because Texas would provide the more convenient forum for Applicant's claims, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n.15 (1973); *Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987), this proceeding could be transferred to a United States District Court in Texas. On the other hand, where a petition might be transferred, the Court of Appeals for the Tenth Circuit has directed district courts to consider several factors and determine whether to transfer or dismiss the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (requiring consideration of *Trujillo* factors before transferring second § 2255 motion to appeals court).

The first of the *Trujillo* factors is whether a new proceeding would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). According to dates in the petition, it appears that Petitioner's § 2254 claims are time barred. Another factor is whether Petitioner's claims against his Texas conviction "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. As noted above, Petitioner's own statement--that this would be his fourth collateral attack on the Texas conviction--precludes a finding that his claims "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16. Third, Petitioner presents no basis to conclude that his § 2254 claims are filed in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). He has made

several prior attacks on the Texas conviction, and his current claims under § 2254 are very likely barred by statutory restrictions on second or successive petitions.  *See* § 2244(b)(3)(A).  Because the *Trujillo* factors weigh conclusively in favor dismissal rather than transfer, the Court will dismiss Petitioner's claims under § 2254 without prejudice.  Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2254 Cases, the Court determines that Petitioner's allegations under § 2254 fail to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability of his § 2254 claims.

The court will also dismiss Petitioner's claims under § 2241 as barred by the doctrine of abuse of the writ.  "[A]buse of the writ[] authorize[s] a court to decline to hear a second or subsequent habeas petition [under § 2241] raising a claim that could have been presented in an earlier petition but was not."  *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010) (citing *McCleskey v. Zant*, 499 U.S. 467, 479-88 (1991)).  "We have held a second or subsequent § 2241 petition which raises a new claim, which could have been raised in an earlier petition, should be dismissed as abusive under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice."  *Lambros v. Booker*, No. 00-3118, 2000 WL 763749, at *1 (10th Cir. June 13, 2000) (citing *George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir.1995)).

Here, Petitioner already had a pending proceeding under § 2241 when he filed this petition. *See Tercero v. Gonzales*, No. CV 11-1035 JH/SMV; *and see Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation.").  He has thus filed at least one prior petition challenging his deportation, and the instant claims could have been brought in the earlier proceeding.  After filing the instant petition, Petitioner then filed a third petition, *see Tercero v. Holder*, No. CV 12-0246 RB/KBM, which the Court dismissed for lack of jurisdiction.

And in his memorandum (Doc. 5, p. 2) in support of his petition, Petitioner states that he has previously challenged deportation orders "at least 4 times pursuant to § 2241."

Furthermore, in *Tercero v. Comisario*, No. CV 11-0982 MCA/LAM Doc. 8 (D.N.M. Feb. 13, 2012), this Court noticed that Petitioner has filed other habeas corpus petitions challenging his deportation. *See, e.g., Aranda v. Dretke*, No. C-05-525, 2005 WL 2977816, at *1 (S.D. Tex. Nov. 7, 2005) (collecting Fifth Circuit cases barring Petitioner from filing petitions, including habeas petitions, without first obtaining permission of the court, and citing *Tercero-Aranda v. Cockrell*, No. 5:02cv077 (N.D. Tex. Apr. 29, 2002), as noticing his "at least forty-eight civil rights and habeas actions, and twenty-two appeals"). The Court appropriately considers a petitioner's various prior petitions, even if the instant petition is not strictly consecutive to another petition. *See Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996). Petitioner makes no showing of "cause and prejudice or a fundamental miscarriage of justice," *Lambros v. Booker*, 2000 WL 763749, at *1, and the Court will dismiss his § 2241 claims as barred by the doctrine of abuse of the writ.

IT IS THEREFORE ORDERED that Petitioner's claims under § 2254 are DISMISSED without prejudice, a certificate of appealability of Petitioner's § 2254 claims is DENIED, otherwise the Petition For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; 2254 is DISMISSED with prejudice, and judgment will be entered.

 _____
UNITED STATES DISTRICT JUDGE